UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHANDPRAKAS SINGH and ROSHINI SINGH, individually and as Successors in Interest of the Estate of NEERAJ SINGH, deceased,

    Plaintiffs,

  v.

WENDY'S INTERNATIONAL, INC., an Ohio Corporation, MARIANN ROSS, and Does 1 through 100, inclusive,

    Defendants.

NO. 2:09-cv-0664 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on plaintiff Chandprakas Singh and Roshini Singh's ("plaintiffs") motion to modify the pretrial scheduling order, pursuant to Federal Rule of Civil Procedure 16. Defendant Wendy's International, Inc. ("Wendy's or "defendant") opposes the motion. For the reasons set forth below,[1] plaintiffs' motion is GRANTED.

---

[1] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs.
(continued...)

**BACKGROUND**

On January 14, 2009, plaintiff filed a complaint in the Superior Court of the State of California in and for the County of Sacramento against defendant, alleging state law claims of wrongful death and survival damages based on premises liability and negligence. Defendant removed the case from state court on March 10, 2009 on the basis of diversity jurisdiction. The parties filed a Joint Status Report on May 11, 2009.

On May 14, 2009, the court issued a Pretrial Scheduling Order, setting a discovery deadline of November 30, 2009. Plaintiffs' counsel contends that he was unaware of the discovery deadline until October 22, 2009 because his secretary deleted the e-mail notification of the court's order. (Decl. of Douglas E. Stein ("Stein Decl."), filed Nov. 5, 2009, ¶ 2.)

However, despite plaintiffs' counsel's failure to obtain a copy of the Pretrial Scheduling Order, the parties have engaged in discovery since June 2009. On June 4, 2009, plaintiffs served their Rule 26 disclosures, and on June 9, 2009, they received defendant's initial disclosures. (Id. ¶¶ 6, 17.) Plaintiffs took the deposition of Mariann Ross, the dismissed individual defendant, on July 9, 2009. (Id. ¶ 20.) Plaintiffs also hired a private investigator to seek information regarding phone calls at the time of the incident and security near the premises. (Id. ¶ 21.) On August 14, 2009, plaintiffs served defendant with a request for production of documents and special interrogatories.

---

[1](...continued)
E.D. Cal. L.R. 78-230(h).

(Id. ¶ 22.)  On September 3, 2009, defendant notified plaintiffs' counsel that it had not receive a timely response to discovery requests, which plaintiffs' counsel asserts he never received. (Id. ¶¶ 25-26.)  Plaintiffs' counsel agreed to respond to defendant's discovery requests without objection within 30 days and allow two weeks from receipt of plaintiffs' responses for defendant to respond to plaintiffs' discovery requests.  (Id. ¶ 27.)  Plaintiffs' counsel responded to defendants' first and second discovery requests on October 30, 2009, after receiving another extension.  (Id. ¶ 32, 34.)

On November 5, 2009, plaintiffs filed a motion to modify the pretrial scheduling order to extend all dates by four months. Plaintiffs contend that such an extension is necessary to complete discovery, including 17 scheduled depositions and at least 9 more subjects of discovery that are anticipated to be the subject of discovery motions.  (Id. ¶¶ 36, 38, 40.)  Plaintiffs' counsel contends that the initial time for discovery requested in the Joint Status Report and set forth in the Pretrial Scheduling Order is insufficient.  Plaintiffs' counsel has set forth a list of discovery requests, the anticipated necessary work, and the estimated time to complete discovery.  (Pls.' Reply, filed Nov. 18, 2009, at 5-9.)

**ANALYSIS**

A pretrial order "may be modifies only for good cause." Fed. R. Civ. P. 16(b).  The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)

3

(quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

The moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

Plaintiffs have demonstrated good cause to modify the Pretrial Scheduling Order to extend the all deadlines by four months. Plaintiffs were diligent in assisting the court in creating a workable scheduling order. Further, the delay in responding to discovery in this case have been caused by requests that plaintiffs' counsel asserts he did not receive, by extensions stipulated to by the parties, and by agreements pursuant to which defendant was not required to respond to plaintiffs' requests until plaintiffs complied with defendant's. Finally, plaintiffs filed this motion on November 5, 2009,

4

promptly after it became apparent that they could not comply with the scheduling order. Plaintiffs have set forth a detailed list of the anticipated discovery and estimated time to complete it. Because plaintiffs have demonstrated good cause to modify the pretrial scheduling order, their motion to extend all deadlines by four months is GRANTED.

The scheduling order is modified as follows:

(1) All discovery shall be completed by March 30, 2010.

(2) Experts shall be designated by April 14, 2010. Supplemental experts shall be designated by May 5, 2010. All expert discovery shall be completed by June 5, 2010.

(3) All dispositive motions shall be heard no later than August 6, 2010.

(4) The Final Pretrial Conference is set for October 15, 2010 at 2:00 p.m.

(5) The trial is set for January 11, 2011 at 9:00 a.m.

IT IS SO ORDERED.

DATED: November 23, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE